IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GLENDA WALLS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SONORA BEHAVIORAL HEALTH HOSPITAL, *et al.*,<br><br>　　　　Defendants. | No. CIV 05-201-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Johnsons' motion to dismiss for failure to state a claim. For the reasons stated below, the motion is denied.[1]

**I. Standard of Review for a Motion to Dismiss**

Dismissal is appropriate only when the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 931 (9th Cir. 2003). This court must take as true all allegations of material fact and construe them in the light most favorable

---

[1] The Johnsons requested a hearing pertaining to their motion to dismiss. However, after reviewing the briefs submitted by the parties, the Court finds a hearing would not be helpful in resolving this matter. As such, the Johnsons' request for a hearing is denied.

1 to the nonmoving party. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). The Court of Appeals generally limits its review to the contents of the complaint, but if support exists in the record, it may affirm a dismissal on any proper ground. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Papa v. United States*, 281 F.3d 1004, 1011 (9th Cir. 2002). As a general matter, a "motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Develop. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

## II. Background

Plaintiff Glenda Walls ("Walls") has filed suit against her former employer, Sonora Behavioral Health Hospital ("Sonora"); Sonora C.E.O. Karen Wiese; Sunwest Employer Services, Inc.[2]; Carl Johnson ("Johnson"), a pharmacist at Sonora; and Johnson's wife, Dorill Johnson.

Walls alleges that she was sexually harassed by Johnson during her employment as a Mental Health Technician at Sonora. According to Walls, Johnson subjected her to unwelcome and unsolicited sexual advances for approximately three years from 2000 to 2003. For example, Johnson allegedly asked Walls to have sex with him in his "fuck-mobile" in the Sonora parking lot, touched Walls' shoulder suggestively, told her "Let me touch you," and licked his tongue suggestively while looking at her. Walls also alleges that Johnson sexually assaulted her daughter, Mykal Huish ("Huish"), also a Sonora employee. During Walls' employment at Sonora, her oldest daughter was hospitalized and died at Sonoroa, causing Walls to emotionally suffer. Johnson allegedly knew about this death and was allegedly aware of Walls' vulnerable emotional state.

Walls has filed a six-count complaint which includes: (1) Sexual harassment pursuant to the Arizona Civil Rights Act ("ACRA"); (2) Sexual harassment pursuant to Title VII of the 1964 Civil Rights Act; (3) Intentional Infliction of Emotional Distress ("IIED") under

---

[2] Sunwest Employer Services has been dismissed from the case.

1  Arizona common law; (4) Retaliation in violation of the ACRA; (5) Retaliation in violation
2  of Title VII; and (6) Negligent Hiring and Supervision.
3        The Johnsons filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) ("failure
4  to state a claim upon which relief can be granted") arguing that Walls fails to adequately
5  plead a claim of IIED, and that the other counts are inapplicable to them.
6  **III. Discussion**
7        **A. Counts One, Two, Four, Five, and Six**
8        Walls concedes that the only proper claim against the Johnsons is Count Three for
9  IIED under Arizona law. As such, the Johnsons ask the Court to dismiss with prejudice all
10 counts other than the IIED claim. In response, Walls argues she never asserted those claims
11 against the Johnsons, and this request should be denied as moot. However, a review of the
12 complaint shows Plaintiff did not specifically exclude the Johnsons from the other counts,
13 and otherwise makes claims against all of the Defendants in general throughout Counts One
14 through Six. Accordingly, as Plaintiff concedes that all of the counts, except Count Three,
15 are legally inapplicable to the Johnsons, Counts One, Two, Four, Five and Six against the
16 Johnsons are dismissed with prejudice.
17       **B. Count Three: Intentional Infliction of Emotional Distress**
18       The tort of IIED requires proof of three elements: (1) extreme and outrageous conduct
19 by the defendant; (2) intent to cause emotional distress, or reckless disregard of the near
20 certainty that such distress will result from the defendant's conduct; and (3) the actual
21 occurrence of severe emotional distress. *Citizen Publishing Co. v. Miller*, 210 Ariz. 513, 516,
22 115 P.3d 107, 110 (2005), citing *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43, 734 P.2d 580, 585
23 (1987). "One may recover for intentional infliction of emotional distress only where the
24 defendant's acts are so outrageous in character and so extreme in degree, as to go beyond all
25 possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a
26 civilized community." *Patton v. First Fed. Sav. & Loan Ass'n of Phoenix*, 118 Ariz. 473,
27 476, 578 P.2d 152, 155 (1978) (internal citations and quotations omitted).
28

In Arizona, sexual harassment does not automatically rise to the level of IIED. *See Ford*, 153 Ariz. at 42-43; *see also Davis v. United States Steel Corp.*, 779 F.2d 209, 211 (5th Cir. 1985), cited in *Ford*. However, determining whether the alleged harassment rises to that level requires the sort of factual determination that is inappropriate on a motion to dismiss. *See Coffin v. Safeway*, 323 F.Supp.2d 997, 1004 (D.Ariz. 2004) (refusing to dismiss an IIED claim based on sexual harassment because plaintiff met minimum pleading requirements); *see also Bowersox v. P.H. Glatfelter Co.*, 677 F.Supp. 307, 310-11 (M.D.Pa. 1988) for a survey of cases where IIED claims based on sexual harassment were upheld.

Here, Walls alleges that Johnson sexually harassed her through unwanted touching, gestures and sexual advances. She also alleges that Johnson sexually assaulted her daughter. Even after she complained of his behavior, Johnson touched Walls again. She further alleges that all of this happened during a time when Johnson knew Walls was emotionally vulnerable due to the death of her daughter. Lastly, she alleges Johnson's actions caused her extreme emotional distress as she suffered humiliation, anxiety, and anguish. Therefore, taking all of Plaintiff's allegations as true and construing them in the light most favorable to her, the Johnsons' motion to dismiss is denied as Plaintiff has alleged sufficient facts for her IIED claim to survive.

**IV. Conclusion**

Accordingly, IT IS ORDERED:

1. The Johnsons' Motion to Dismiss (Doc. #6) is granted in part and denied in part.

2. Counts One, Two, Four, Five and Six against the Johnsons are dismissed with prejudice.

DATED this 27th day of April, 2006.

_____
Cindy K. Jorgenson
United States District Judge